UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES H. JOHNSON,

       Plaintiff,                    CIVIL ACTION NO. 07-13752

    v.                            DISTRICT JUDGE MARIANNE O. BATTANI

CITY OF DETROIT,               MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DEFENDANT'S REQUEST TO DISMISS**

Plaintiff filed a motion for summary judgment. He alleges that he has been discriminated against by the City of Detroit in his application for various jobs. He claims that this discrimination is based on his race and age, and that he has been denied veterans' preference under applicable employment laws. He filed the motion for summary judgment prior to any real discovery having been conducted in this case. In the response, defendant argues that plaintiff's motion should be denied and that his case should be dismissed. For the reasons discussed in this report, it is recommended that plaintiff's motion be denied and the City's request also be denied as neither party is entitled to the requested relief at this stage of the case.

*Summary Judgment Analysis*

<u>Plaintiff's Motion</u>: Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim

is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Plaintiff is not such a party. He seeks relief on his own claims, not on claims made against him. Thus, his motion fails.

In addition, even if considered on its merits, the motion should be denied. Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See <u>Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al.</u>, 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also <u>B.F. Goodrich Co. v. U.S. Filter Corp.</u>, 245 F.3d 587, 591-92 (6th Cir. 2001). Thus, the court must draw reasonable inferences in favor of the city.

Once the moving party has carried his or her burden of demonstrating the absence of a genuine issue of material fact, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita</u>, 475 U.S. at 587, 106 S.Ct. 1356. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (<u>quoting</u> <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)). Clearly, there are many disputed facts in this case and summary judgment is not appropriate where discovery has yet to be undertaken.

Summary judgment is also improper if the non-movant is not afforded a sufficient opportunity for discovery. Oatman v. Potter, 92 Fed.Appx. 133, 137, 2004 WL 68537, 3 (C.A.6,2004), citing White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir.1994). In this case, neither side has conducted any discovery. Other than his oral recollection on the record, plaintiff has not identified the jobs for which he applied and what happened. No depositions have been taken. No Rule 26(a)(1) disclosures have been made and no written discovery has been exchanged. The court recognizes that a scheduling order was entered with a discovery completion date of May 28, 2008. However, that activity has yet to be begun.

Defendant's Request: In the response to plaintiff's motion and in the supplementary brief, defendant moves for dismissal of the case. The proper way to seek such relief is a motion; not by way of a brief argument in the response. In addition, given the lack of discovery in this case, defendant's request is premature.

Thus, there is no entitlement to dispositive relief of summary judgment or dismissal, whether it be by plaintiff or defendant. The plaintiff's motion should be denied and defendant's request contained in its response should also be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                    S/Virginia M. Morgan
                                    Virginia M. Morgan
                                    United States Magistrate Judge

Dated: May 27, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on May 27, 2008.

                                    s/Jane Johnson
                                    Case Manager to
                                    Magistrate Judge Virginia M. Morgan