UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES H. JOHNSON,

       Plaintiff,                         CIVIL ACTION NO. 07-13752

      v.                                DISTRICT JUDGE MARIANNE O. BATTANI

CITY OF DETROIT,                  MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff filed this action *pro se* in September, 2007. He alleges that he has been discriminated against by the City of Detroit in his application for various jobs. He claims that this discrimination is based on his race and age, and that he has been denied veterans' preference under applicable employment laws. After several motions, hearings, and opportunity for plaintiff to present documents in support of his claims, defendant City now argues that it is entitled to summary judgment. Plaintiff filed a "Denial of Due Process of Law under the Fifth and Fourteenth Amendments and the Equal Protection Clause and Rule 60(b)(1), (3) (D/E 55). At oral argument, the court determined this to be, and it is deemed to be, a response to defendant's motion. For the reasons discussed in this Report, it is recommended that defendant's motion be granted and the case be dismissed.

*Summary Judgment Analysis*

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001).

Once the moving party has carried his or her burden of demonstrating the absence of a genuine issue of material fact, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1356. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

Summary judgment is also improper if the non-movant is not afforded a sufficient opportunity for discovery. Oatman v. Potter, 92 Fed.Appx. 133, 137, 2004 WL 68537, 3

(C.A.6,2004), citing White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir.1994).

In this case, following denial of earlier dispositive motions, the court granted plaintiff the opportunity to identify evidence supporting his allegations, that is, the jobs he applied for, the ones which he did not receive, the evidence that any denials were due to veteran status, age, or race, and any evidence of his qualifications for those jobs. A scheduling order was entered with a discovery completion date of May 28, 2008.

Defendant attempted to depose plaintiff to learn of these items since plaintiff provided no written response. Notice of deposition was given May 22, 2008, for a deposition on June 26, 2008. Defendant tried to contact plaintiff to remind him of the deposition the day prior to the scheduled date. The phone number that plaintiff earlier provided indicated via voice mail that it did not belong to plaintiff. Plaintiff failed to appear for the scheduled deposition. Plaintiff has not proffered a reason for his non-attendance. Thus, despite being given additional time, the court finds that plaintiff did not identify any such jobs and has offered no evidence to support his claims. The court notes that neither are any jobs identified in his response.

The key inquiry on summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 251-252 (1986). In order to sustain his USERRA and Eliot-Larsen Civil rights act claim, plaintiff must show that his military service was a substantial or motivating factor in the defendant's denial of employment. Palmatier v. Michigan Department of State Police, 981 F. Supp. 529 (W.D. Mich. 1997). It is

not enough to simply show that the plaintiff is a veteran and should have been selected for a particular position but was not. Sheehan v. Dept. of the Navy, 240 F.3d 1009, 1013-14 (Fed. Cir. 2001). Likewise, in a race or age claim, he must meet the framework set forth in McDonnell Douglas Corp v. Green, 458 U.S. 792 (1973) requiring him to show that he belongs to a protected class, suffered an adverse employment action, that he was qualified for the position, and that the job was given to another person under circumstances giving rise to an inference of unlawful discrimination. Although plaintiff is a member of a protected class, because plaintiff failed to identify any jobs either in writing or at deposition, he failed to show any evidence of a *prima facie* case with respect to any of his claims. Therefore, it is recommended that defendant's motion be granted and the case be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: September 24, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on September 24, 2008.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan